**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| VALENTIN MUNIZ-SAAVEDRA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-cv-00102 |
| | § | (Criminal Action No. 1:13-cr-736-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Docket No. 22) in the above-referenced civil action. Valentin Muniz-Saavedra ("Petitioner") filed his *pro se* "Response to the U.S. Magistrate Judge's Report and Recommendation Over a § 2255 Motion to Vacate Sentence" ("Petitioner's Objections") (Docket No. 29).[1] After a *de novo* review of the record, the R&R is hereby **ADOPTED**. Thus, Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("§ 2255 Motion") (Docket No. 1) is **DISMISSED** with prejudice. A certificate of appealability shall not issue.

## I.  BACKGROUND AND PROCEDURAL HISTORY

On February 28, 2014, a jury found Petitioner guilty of the following counts:

➢ Count 2: Possession with intent to distribute a quantity more than five (5) kilograms that is, approximately 18 kilograms (39.6 pounds) of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2.

➢ Count 3: Possession with intent to distribute a quantity more than fifty (5) grams, that is, approximately 5.5 kilograms of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2.

➢ Count 5: Importation from a place outside the United States, that is, from the country of Mexico, a quantity more than five (5) kilograms, that is, approximately 18 kilograms (39.6

---

[1] "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As a result, the Court will interpret Petitioner's response to the R&R as objections.

pounds) of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(b)(1) and 18 U.S.C. § 2.

> Count 6: Importation from a place outside the United States, that is, from the country of Mexico, a quantity more than fifty (50) grams, that is, approximately 5.5 kilograms of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(b)(1) and 18 U.S.C. § 2.

CR Docket No. 63 at 4.[2]  On December 1, 2015, Petitioner was sentenced to 210 months imprisonment on each of Counts 2, 3, 5, and 6 to be served concurrently, and 5 years of supervised release. CR Docket No. 97 at 2-4.  Attorney Edward A. Stapleton ("Mr. Stapleton") represented Petitioner throughout trial and direct appeal. *Id.*

On June 20, 2018, Petitioner filed his instant § 2255 Motion asserting five claims of ineffective assistance of counsel.

## II.  **DISCUSSION**

A prisoner in federal custody can move to vacate, set aside or correct their sentence when "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  Here, Petitioner asserts his Sixth Amendment right to counsel was violated because Mr. Stapleton: (1) failed to call Petitioner's wife to testify, (2) failed to present evidence to the jury to rebut the Government's allegation that Petitioner was a cocaine user, (3) failed to obtain Petitioner's financial documentation to counter the Government's allegation that Petitioner had economic motive, (4) failed to present medical records of severe respiratory ailment to the jury, and (5) failed to argue Petitioner's post-arrest offer to help law enforcement officers with information. *See* Docket Nos. 1, 22.

Courts may consider ineffective-assistance claims brought forth in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003).  To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) counsel's representation fell below the objective standard of reasonableness, and (2) as a result, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Judicial scrutiny of counsel's performance "must be highly deferential," and the Court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

---

[2] "CR. Docket No." refers to entries on the criminal docket sheet for Petitioner's criminal case, 1:13-cr-736-1. "Docket No." refers to entries on the civil docket sheet for the instant petition, 1:18-cv-102.

conduct from counsel's perspective at the time." *Id.* at 689. To show prejudice, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In approaching the inquiry, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.

## A. Petitioner's Wife's Testimony

In his first ground for relief, Petitioner alleges Mr. Stapleton's failure to call Petitioner's wife, Consuelo Muniz Sibaja ("Ms. Sibaja"), was constitutionally deficient.[3] Docket No. 29 at 3-4. Complaints of uncalled witnesses are not favored because the preservation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. *Coble v. Quarterman* 496 F.3d 430, 436 (5th Cir. 2007); *see United States v. Cockrell*, 720 F.2d 1423, 1428 (5th Cir. 1985) (counselor's failure to call fact and character witnesses did not rise to the level of constitutionally ineffective assistance of counsel). Petitioner's claim that Mr. Stapleton was ineffective merely for failing to call a witness has no merit. Such trial strategy falls within counsel's domain and does not amount to constitutionally ineffective assistance of counsel. Petitioner has failed to show how Mr. Stapleton's decision not to call Ms. Sibaja to testify fell below the objective standard of reasonableness articulated under *Strickland*.

## B. Presentation of Medical and Financial Records

Petitioner alleges Mr. Stapleton failed to refute the Government's allegation that 1) since Petitioner had previously used cocaine, he must have known about the drugs within the vehicle, and 2) Petitioner had an economic motive for drug trafficking. Docket No. 29 at 7-8. Petitioner asserts Mr. Stapleton failed to exert due diligence by not securing a certified medical diagnosis and evidence of his past financial history (i.e., bank account statements). *Id.* Yet the record suggests Mr. Stapleton repeatedly countered both assertions at trial. *See, e.g.,* CR Docket No. 116 at 134; CR Docket No 117 at 105-08; CR Docket. No. 120 at 112, 121-122.

The failure to submit cumulative evidence or testimony generally does not amount to ineffective assistance of counsel. *Richards v. Quarterman,* 566 F.3d 553, 569 (5th Cir. 2009); *see Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984) (counsel's decision not to present cumulative

---

[3] The R&R addresses Petitioner's § 2255 Motion as five distinct claims. However, Petitioner's Objections states three distinct grounds. As such, the Court will address each ground in the same manner as Petitioner filed his objections.

testimony does not constitute ineffective assistance). The fact that Mr. Stapleton opted not to present cumulative evidence (i.e., a medical diagnosis or financial documentation) as suggested by Petitioner does not support an ineffective assistance of counsel claim. Even if Mr. Stapleton had procured said documents, Petitioner has failed to demonstrate how failing to do so prejudiced the outcome.

## C. Law Enforcement Follow Up on Information Provided Post-Arrest

Petitioner's third ground for relief alleges Mr. Stapleton was ineffective in failing to argue law enforcement did not properly follow up on information Petitioner provided shortly after his arrest. Docket No. 29 at 9-12. However, the trial record indicates Stapleton did make said argument. *See* CR Docket No. 117 at 131-33, 137-38. During trial, Mr. Stapleton cross-examined Agents Lara and Mihalos about the information Petitioner provided post-arrest. CR Docket No. 117 at 90-105, 109-28; CR Docket No. 118 at 14-17. Petitioner also testified about his offer to locate the owner of the van. CR Docket No. 118 at 192-193. In essence, the jury heard sufficient testimony regarding Petitioner's offer to help law enforcement so as to draw conclusions about Petitioner's potential assistance. Petitioner has not demonstrated how the outcome would have been any different had Mr. Stapleton made this argument more explicitly.

## III. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion is hereby **DISMISSED** with prejudice. A certificate of appealability shall not issue. The Clerk of the Court is **ORDERED** to close this case.

Signed on this ⟨21st⟩ day of ⟨November⟩, 2019.

Rolando Olvera
United States District Judge